■ In the Matter of the Arbitration between NATIONWIDE INSURANCE COMPANY, Appellant, and DENISE BURKS et al., Respondents, et al., Respondent. [605 NYS2d 277] —Order, Supreme Court, New York County (Carol Arber, J.), entered March 3, 1993, denying petition for stay of arbitration pursuant to CPLR 7503, unanimously reversed, on the law, with costs, and a permanent stay of arbitration granted.

An accident occurred in New Jersey between a car owned by Joseph Mordele (the host vehicle) and an unidentified vehicle. The host vehicle was operated by Melitha Snape and was insured by respondent Hanover Insurance Company. Re-

spondents Denise Burks and Aurelio Snape were passengers in the host vehicle. Melitha Snape was insured by Allstate Insurance Company. At the time of the accident Burks was living with her parents, who owned a vehicle insured by petitioner Nationwide. Nationwide has received a demand for arbitration on behalf of Burks.

Paragraph 6 of Nationwide's policy provides that its insurance shall apply only as excess insurance when the insured is injured while occupying a vehicle not owned by the named insured and only in the amount by which the limit of liability under Nationwide's policy exceeds the applicable limit of liability of the primary insurance. Since the maximum primary insurance is either $60,000 or $90,000, depending on which State law is applied, and the maximum coverage under the Nationwide policy is $20,000 or $30,000, the amount of excess coverage under the Nationwide policy is zero *(see, Matter of Public Serv. Mut. Ins. Co. v Cross,* 38 AD2d 930). All of respondent's other arguments founder on the fact that petitioner's liability under paragraph 6 is excess and must always be less than the combined coverage of Allstate and Hanover and no greater than each separately. Concur—Carro, J. P., Kupferman, Asch, Rubin and Nardelli, JJ.